UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICK PHILKO,

        Plaintiff,

v.

SET SEG INSURANCE SERVICES
AGENCY, INC. D/B/A SET SEG,

        Defendant.
_____/

Case No. 13-11485

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER [116], OVERRULING DEFENDANT'S OBJECTIONS [117], AND PROVIDING REQUESTED CLARIFICATION**

Trial in this case was formerly set to begin on March 15, 2016. On that day, Plaintiff's counsel made an oral motion to adjourn trial, which the Court granted after holding a hearing. On March 25, 2016, Plaintiff filed a Motion to Compel [Dkt. #88], which the Court referred to Magistrate Judge Stephanie Dawkins Davis. On June 17, 2016, the Magistrate Judge issued an Order Granting in Part and Denying in Part Plaintiff's Motion to Compel [114]. On June 30, 2016, Plaintiff filed Objections [116] to the Magistrate Judge's order, to which Defendant filed a Response [119] on July 14, 2016. On July 1, 2016, Defendant filed its own Objections [117], to which Plaintiff filed a Response [120] on July 15, 2016.

1

A district court may set aside a magistrate judge's order on a nondispositive pretrial matter if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The parties have not shown that any portion of the Magistrate Judge's Order Granting in Part and Denying in Part Plaintiff's Motion to Compel [114] is clearly erroneous or contrary to law. Accordingly, the parties' objections are **OVERRULED**. Some of the parties' purported "objections," however, are really requests for clarification. The Court therefore clarifies certain aspects of the parties' renewed discovery obligations below.

I.   **Plaintiff's Objections**

   1.   **June 2013 CD**

In June 2013, Defendant delivered hard copies of documents to Plaintiff, explaining that electronic copies of the documents were on a CD. In his motion, Plaintiff asked for an order compelling Defendant to deliver Plaintiff a copy of the CD. The Magistrate Judge did not address this request. In his Objections, Plaintiff argues that there is no justification for withholding a copy of the CD unless it contains documents withheld as privileged. Plaintiff asks the Court to amend the Magistrate Judge's Order to clarify that Defendant's privilege log must cover documents on the June 2013 CD. Defendant responds that the documents produced in June 2013 were located in electronic copy on a CD that was produced

on an earlier (unspecified) date. Defendant further argues that there is no need for a privilege log because it has already produced all of the e-mails on the CD.

Defendant's privilege log should cover documents contained in electronic format on the CD from which Defendant printed the hard copies delivered to Plaintiff in June 2013.

### 2. Sanctions for failure to document search

The Court ordered Defendant to conduct a search for any undisclosed materials responsive to Plaintiff's discovery requests, and to document the search. The Magistrate Judge recognized that Defendant had failed to document the search as ordered by the Court, and ordered Defendant to do so. Plaintiff argues that the Magistrate Judge should also have found Defendant in contempt and imposed sanctions.

Plaintiff does not attempt to explain how the Magistrate Judge's forbearance was clearly erroneous or contrary to law. Accordingly, Plaintiff's objection #2 is overruled.

### 3. Search by independent expert at Defendant's expense

Plaintiff argues that the Magistrate Judge should have ordered Defendant to pay for an independent expert to conduct a search of Defendant's electronic records. Plaintiff cites no authority concerning when it is appropriate, let alone necessary or desirable, to order a party to pay for such a search. The Court

therefore concludes that the Magistrate Judge's failure to do so was neither clearly erroneous nor contrary to law.

### 4. Length of depositions

The Magistrate Judge limited the depositions of Scott Fritz, Carl Fry, Lexi Bourne, and Gary Halbrook to one hour each. Plaintiff argues that the Magistrate Judge should have ordered two-hour depositions for Fritz and Fry and one-and-a-half-hour depositions for Bourne and Halbrook. Plaintiff identifies reasons why extra time would be useful, but this does not establish that the Magistrate Judge's order was clearly erroneous or contrary to law. Plaintiff's objection #4 is overruled.

### 5. Scheduling of depositions

The Magistrate Judge did not address the location of the new round of depositions or whether the depositions should all take place on a single day. Plaintiff argues that the Magistrate Judge should have ordered the depositions to take place at Plaintiff's counsel's office on a single day.

The depositions should occur at Plaintiff's counsel's office, unless Plaintiff's counsel agrees to hold them elsewhere. The depositions need not take place on a single day.

**6.     Denial of request to re-notice Jamie Haggerty for deposition**

Prior to the instant disputes, Plaintiff noticed Jamie Haggerty for deposition but cancelled the deposition. In his Motion to Compel, Plaintiff asked to be allowed to re-notice Haggerty for deposition. The Magistrate Judge denied this request, noting that Plaintiff had not identified evidence rendering Haggerty's expected testimony more relevant than it had been when Plaintiff cancelled the deposition. Plaintiff now argues that he should be allowed to re-notice Haggerty for deposition because she can testify regarding Defendant's treatment of other employees involved in car accidents. Plaintiff asserts that such treatment was not at issue before the recent identification of documents that Defendant allegedly withheld improperly.

Defendant's treatment of employees involved in car accidents was at issue earlier in the case. Plaintiff's January 31, 2012, car accident featured prominently in Plaintiff's Response to Defendant's Motion for Summary Judgment [51]. Indeed, Plaintiff argued that he was treated differently from other employees involved in accidents, asserting that Defendant "has a history of not firing employees without disabilities after an accident." Plaintiff knew, at the time that he cancelled Haggerty's deposition, that the issue was relevant.

The Magistrate Judge's denial of Plaintiff's request to re-notice the deposition was not clearly erroneous or contrary to law. Plaintiff's objection #6 is overruled.

### 7. Sanctions for cancelling depositions

Plaintiff asserts that his counsel scheduled depositions over several days in April 2016, without objection from Defendant, and that Defendant's counsel unilaterally cancelled the depositions three days before the first deposition was set to occur. Plaintiff asks the Court to sanction Defendant for this conduct. Plaintiff does not claim that he asked the Magistrate Judge to sanction Defendant on these grounds. Accordingly, the Court concludes that the Magistrate Judge's failure to sanction Defendant on these grounds was not clearly erroneous or contrary to law.

### 8. Deposing and/or propounding written discovery on Vogelzang

At the hearing on Plaintiff's oral motion to adjourn trial, the Court asked if there would be value in allowing Plaintiff to depose William Vogelzang, the attorney who represented Defendant in responding to Plaintiff's charge of discrimination before the Equal Employment Opportunity Commission (EEOC). The Court gave Plaintiff permission to "do the discovery that he wants to do, including a limited question to" Vogelzang. As the Magistrate Judge noted, the Court did not qualify this order by specifying that Plaintiff need conduct discovery only by written request or by deposition. The Magistrate Judge concluded that

Plaintiff "has the choice to proceed with either propounding written discovery or by taking Mr. Vogelzang's deposition." Plaintiff argues that he should be allowed to do both. Though the Magistrate Judge's language is ambiguous, the Court construes the Magistrate Judge's order as allowing Plaintiff to do both.

### 9. Denial of opportunity to depose Defendant's counsel

Plaintiff argues that the Magistrate Judge should have allowed him to depose Defendant's counsel, attorneys Tim Mullins and Kenneth Chapie, on the issue of whether they have purposely withheld discovery. Plaintiff concedes that this deposition request is "very unusual." He nevertheless cites no authority supporting a conclusion that the Magistrate Judge's denial of this very unusual request was clearly erroneous or contrary to law. Accordingly, Plaintiff's objection #9 is overruled.

### 10. *In camera* review

The Magistrate Judge ordered Defendant to produce a privilege log concerning a series of communications identified as "Documents 1–45," but declined to conduct an *in camera* review. Plaintiff argues that an *in camera* review is necessary to determine if Defendant's current attorneys are culpable in the improper withholding of documents. Plaintiff does not argue, however, that the Magistrate Judge's actions were inadequate to ensure that improperly withheld documents would be discovered. Plaintiff cites no authority compelling the Court

to investigate the culpability of Defendant's attorneys—though Defendant's attorneys may be subject to sanctions for misconduct in this case, they are not parties to the case and their culpability is irrelevant to Plaintiff's claims. The Court concludes that the Magistrate Judge did not act in a manner clearly erroneous or contrary to law by declining to conduct an *in camera* review. Plaintiff's objection #10 is overruled.

### 11.     Sanctions for failure to respond to written discovery requests

Plaintiff served written discovery requests on Defendant on March 23, 2016, with responses due by April 20, 2016. Defendant did not timely respond to the requests or file objections to them. Before the Magistrate Judge, Defendant argued that it did not need to respond to the requests because the Court had not authorized written discovery requests. The Magistrate Judge pointed out that the Court's order permitting discovery did not rule out written discovery requests, and ordered Defendant to file responses to written discovery requests "limited in scope to the obfuscation issue as well as discovery on documents that were not produced prior to March 2016." Plaintiff argues that the Magistrate Judge should also have sanctioned Defendant for failing to respond by April 20, 2016.

As discussed below, Defendant argues that it did not need to respond to the March 23 requests because the requests concerned issues beyond the limited scope of discovery ordered by the Court. Regardless, even if Defendant was required to

respond to the requests, discovery sanctions are discretionary. The Magistrate Judge's forbearance with regard to discovery sanctions was not clearly erroneous or contrary to law. Plaintiff's objection #11 is overruled.

### 12. Attorney fees

As the Court had previously ordered, the Magistrate Judge ordered Defendant to pay the costs of the new round of depositions—excluding attorney fees, unless the discovery process yielded evidence of deliberate obfuscation. Plaintiff argues that the Magistrate Judge should have ordered Defendant to pay attorney fees as well. Plaintiff cites no authority and therefore fails to show that the Magistrate Judge acted in a manner that was clearly erroneous or contrary to law. Plaintiff's objection #12 is overruled.

## II. Defendant's Objections

### 1. Discovery from Vogelzang

Defendant argues that the Magistrate Judge should not have allowed Plaintiff to depose William Vogelzang, the attorney who represented Defendant in responding to Plaintiff's EEOC charge, or to serve written discovery on him. The Magistrate Judge was merely implementing the Court's own order allowing such discovery. Defendant argues that such discovery should not be allowed because (1) the EEOC filings went into little detail; (2) no discovery was conducted, and no documents were produced by either party, pursuant to the EEOC investigation; (3)

Plaintiff's expected questions for Vogelzang will intrude on attorney-client privilege and/or the protections for attorney work product, strategy, and impressions; and (4) Vogelzang has not represented Defendant in this suit.

By granting Plaintiff permission to depose Vogelzang and propound discovery requests on him, the Court is not precluding Vogelzang from raising objections on privilege grounds or any other grounds. The merits of any such objection will be assessed in the usual course. Defendant's other arguments against allowing discovery from Vogelzang do not convince the Court that such discovery is improper. Accordingly, Defendant's objection #1 is overruled.

### 2. Location of depositions

Defendant seeks clarification concerning where the new round of depositions should occur. As ordered above, the depositions should take place at Plaintiff's counsel's office, unless Plaintiff's counsel agrees to hold them elsewhere.

### 3. Deposition of Lexi Bourne

Defendant argues that the Magistrate Judge should not have allowed Plaintiff to depose Lexi Bourne because Plaintiff previously noticed Bourne for deposition but cancelled the deposition. Defendant cites no authority indicating that it is never proper to allow a party to depose a party that it previously noticed for deposition, but failed to depose. Nor does Defendant take issue with the

Magistrate Judge's reasoning.  The Court concludes that allowing Plaintiff to depose Bourne was not clearly erroneous or contrary to law.  Defendant's objection #3 is overruled.

    **4.     Discovery requests served March 23, 2016**

As mentioned above, the Magistrate Judge ordered Defendant to file responses to written discovery requests "limited in scope to the obfuscation issue as well as discovery on documents that were not produced prior to March 2016." Defendant asks the Court to clarify whether it must respond to discovery requests served on March 23, 2016.  Defendant asserts that the requests do not concern obfuscation or withheld documents, but instead concern "discovery of similarly situated employees."

The March 23 requests [106-10] include a number of interrogatories. Interrogatories 4–7 seek information on Defendant's treatment of other employees involved in car accidents.  Interrogatory 8 seeks information on other employees who failed a licensing exam.  As explained above, Plaintiff argued that his accident played a role in his termination—and that Defendant did not similarly terminate other employees involved in accidents—before the instant disputes over withheld documents arose.  Similarly, before the instant disputes arose, Defendant attributed Plaintiff's termination in part to his failure to pass a licensing exam.  Thus,

Plaintiff cannot claim that broad discovery on these issues is discovery on "the obfuscation issue" or on documents not produced before March 2016.

Defendant need not respond to Interrogatories 4–8. However, Defendant must respond to the remaining portions of the March 23 requests.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the parties' Objections [116, 117] are **OVERRULED**.

**SO ORDERED**.

Dated: July 20, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge